**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

KIMBERLY WILLIAMS,
an individual,

                                        Case No.:

      Plaintiff,

v.

SIMPLIFIED BUSINESS GROUP,
LLC, d/b/a RENTPLUS, d/b/a RENT
DYNAMICS,
a foreign limited liability company, and
EXPERIAN INFORMATION
SOLUTIONS, INC.,
a foreign for-profit corporation,

      Defendants.

_____/

**COMPLAINT**

**COMES NOW**, Plaintiff, KIMBERLY WILLIAMS (hereinafter, "Plaintiff"),

by and through the undersigned counsel, and hereby sues Defendants, SIMPLIFIED

BUSINESS GROUP, LLC, ("SBG") d/b/a "RENTPLUS", and "RENT

DYNAMICS", (hereinafter, "RentPlus"), and EXPERIAN INFORMATION

SOLUTIONS, INC. (hereinafter, "Experian") (hereinafter collectively,

"Defendants").  In support thereof, Plaintiff states:

**PRELIMINARY STATEMENT**

1.     This is an action brought by an individual consumer for damages for Rent

Plus's violations of the Fair Credit Reporting Act, 15 United States Code, Section 1681

*et seq.* (hereinafter, the "FCRA") wherein RentPlus improperly attempted to credit-report and subsequently verified its credit reporting of an alleged balance owed on Plaintiff's consumer credit report and in Plaintiff's consumer credit file as maintained by Experian that was created or allegedly incurred as a result of identity theft and fraud.  More specifically, despite Plaintiff repeatedly advising Rent Plus that she did not personally open the alleged account, did not authorize the opening of the alleged account, did not use the alleged account, and did not benefit from the account in any way—and after Plaintiff disputed RentPlus's reporting of such erroneous information directly to Experian— Rent Plus *continued* to report the fraudulent accounts with significant balances due and past-due.

2.      Furthermore, this is an action for damages for Experian's violations of the FCRA wherein Experian continued to incorrectly report Plaintiff as the individual responsible for the alleged accounts after Plaintiff repeatedly disputed and advised that any balance allegedly owed was a result of identity theft and fraud.

## JURISDICTION, VENUE & PARTIES

3.      Jurisdiction of this Court arises under 28 United States Code, Section 1331, pursuant to the FCRA, 15 United States Code Section 1681, *et seq.*

4.      Defendants are subject to the jurisdiction of this Court as Defendants each regularly transact business in this District.

5.      At all material times herein, Plaintiff is a natural person residing in Pinellas County, Florida.

6.      At all material times herein, SBG offers RentPlus services to tenants at

Arbor View Apartments and is a foreign limited liability company existing under the laws of the state of Utah with its principal place of business located at 4205 N. Chapel Ridge Road, Lehi, UT 84048.

7. At all material times herein, Experian is a for-profit corporation existing under the laws of the state of Ohio with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

## FCRA STATUTORY STRUCTURE

8. Congress enacted the FCRA requiring consumer reporting agencies to adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information. *See* 15 United States Code, Section 1681b.

9. Under the FCRA, whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure *maximum possible accuracy* of the information concerning the individual about whom the report relates. *Id.* at § e(b) (emphasis added).

10. Under the FCRA, if a consumer disputes the completeness or accuracy of any item of information contained in a consumer's file, and the consumer notifies the agency directly of such dispute, the agency shall reinvestigate—free of charge— and report the current status of the disputed information, or delete the item from before the end of the 30-day period beginning on the date on which the agency receives notice

3

of the consumer's dispute. *Id.* at § i(a).

11.     Under the FCRA, when a consumer reporting agency conducts any reinvestigation with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer. *Id.* at § i(a)(4).

12.     Under the FCRA, if, after any reinvestigation of any information disputed by a consumer, an item of information is found to be inaccurate, incomplete, or cannot be verified, the consumer reporting agency shall promptly delete that item of information from the consumer's file or modify that item of information, as appropriate, based on the results of the reinvestigation. *Id.* at § i(a)(5)

13.     Under the FCRA, any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer: in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure; for statutory damages of not less than $100 and not more than $1,000; for such amount of punitive damages as the court may allow; and for the costs of the action together with reasonable attorneys' fees. *Id.* at § n.

14.     Under the FCRA, any person who is negligent in failing to comply with any requirement imposed with respect to any consumer is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure and the costs of the action together with reasonable attorneys' fees. *Id.* at § o.

**GENERAL ALLEGATIONS**

4

20.     At all material times herein, Plaintiff is an alleged "consumer" or "debtor" as defined by the FCRA, Section 1681a(c) and the FCCPA, Section 559.55(8) and the FDCPA, Section 1692a(3) because he is an individual and allegedly obligated to pay a debt.

21.     At all material times herein, RentPlus, themselves and through their subsidiaries, regularly extends credit—and credit reports debts associated with the same—allegedly owed by consumers residing in Pinellas County, Florida.

22.     At all material times herein, RentPlus reports information concerning an alleged collection account that was opened as a result of identity theft and fraud, EDC/RENTPLUS/ARBORPROP, referenced by Account number beginning in 97879Y (hereinafter, the "Account").

23.     At all material times herein, Plaintiff did not open the Account, Plaintiff did not authorize any individual or entity to open the Account in her name, Plaintiff did not use the Account in any manner, and Plaintiff did not receive the benefit of any goods or services as a result of any transactions made using the Account.

30.     At all material times herein, RentPlus is a "person" who furnishes information to credit reporting agencies as provided in the FCRA and as defined by 15 United States Code, Section 1681s-2.

31.     At all material times herein, RentPlus furnishes information to Experian regarding the Account and the corresponding Alleged Debt.

32.     At all material times herein, RentPlus is a credit reporting service for rent

and/or utility payments for tenants of residential apartment complexes and RentPlus credit monitoring and identity theft protection services.

33.    At all material times, RentPlus furnishes, reports, and publishes specific details of consumers alleged outstanding or delinquent debt accounts to compel or coerce the consumer to either satisfy an alleged balance owed, or suffer the consequences of delinquent accounts, such as higher interest rates on consumer loans or complete denial of credit.

34.    At all material times herein, Experian is a "consumer reporting agency" as defined in 15 United States Code, Section 1681a(f) of the FCRA and regularly engage in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports.  Experian disburses such consumer reports to third parties under contract for monetary compensation.

35.    At all material times herein, Defendants act themselves or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

36.    All necessary conditions precedent to the filing of this action occurred, or Defendants waived or excused the same.

## **FACTUAL ALLEGATIONS**

37.    On or about May 21, 2026, Plaintiff was notified by her credit monitoring service that someone had used her social security number to establish a RentPlus/ArborProperties Account.

6

38.    The address associated with the Account and fraud was 2750 Old St. Augustine Rd. #050, Tallahassee, FL 32301.

39.    Plaintiff currently resides in Clearwater, Florida.

40.    Plaintiff learned that the Account's inception was January of 2026.

41.    Prior to this incident, Plaintiff had all her credit cards frozen with the credit bureaus, Experian, Trans Union, and Equifax and a fraud alert on her reports for the past several years.

42.    Despite her preventative measures, the above Account through RentPlus was still established in Plaintiff's name using her social security number.

43.    Plaintiff immediately contacted Arbor View apartments on May 21, 2026 and spoke with Haidyn Griffin, a sales representative at Arbor View.

44.    Plaintiff further explained to Arbor View that a current tenant of theirs had stolen her social security number to open a RentPlus Account.

45.    Griffin explained to Plaintiff that although the manager of the apartment complex was in a meeting, Plaintiff should send her a screen shot of the fraud alert she had received.

46.    Plaintiff complied with this request and sent the screenshot to Griffin.

47.    Plaintiff contacted the Tallahassee Police Department and filed a police report on May 21, 2026, referenced by report number 2026-90001237.

48.    Further, on May 21, 2026, Plaintiff executed a Federal Trade Commission ("FTC") Identity Theft Report, referenced by report number 201883881.

49.    Plaintiff has not co-signed any residential lease, and Plaintiff did not

7

authorize anyone to apply for a residential lease in his name.

50.     After Plaintiff learned of the collection account, Plaintiff filed an online dispute with Experian ("Plaintiff's First Dispute") wherein she advised that the Account was created as a result of identity theft and fraud and was not belonging to Plaintiff nor associated with her address.

51.     Experian conveyed Plaintiff's First Dispute to RentPlus.

52.     Experian corresponded with Plaintiff with dispute results on or about May 26, 2026 wherein they advised that they had deleted the fraudulent address from Plaintiff's credit report.

53.     Despite this, in response to Plaintiff's First Dispute, Experian verified that the Account was Plaintiff's Account at this exact address and that she personally owed the debt.

54.     On or about May 26, 2026, Plaintiff executed another dispute to Rent Plus and Experian wherein she attached both her FTC Identity Theft Report and Police Report filed with the Tallahassee Police Department (hereinafter, "Plaintiff's Second Dispute").

55.     Within this dispute, Plaintiff again described to RentPlus and Experian that the Account was unauthorized and opened her name using her personal identifying information without her consent, thus making the RentPlus Account a result of identity theft.

56.     Plaintiff further described how she previously disputed this Account to Experian and RentPlus, where RentPlus erroneously verified the account as accurate.

57.     Plaintiff further requested that Experian and RentPlus block the reporting of the Account immediately upon receiving her documentation.

58.     Later this same day, Mason from RentPlus support desk e-mail Plaintiff back in regard to her dispute, confirming receipt.

59.     On or about May 29, 2026, Experian responded to Plaintiff's Second Dispute advising they had completed their investigation of Plaintiff's dispute by referring Plaintiff to her credit report which shows Experian verified the Account *again* and refused to block the fraudulent Account from Plaintiff's credit report and files.

60.     Plaintiff pulled her Experian credit report on or about May 30, 2026 to find the RentPlus Account still reporting on her credit report and credit files.

## DAMAGES

61.     As a result of Defendants' reporting of the Alleged Debt, Plaintiff further dealt with the stress and anxiety of feeling hopeless, believing that she would be denied credit or a potential new lease as a result of the erroneous and incorrect reporting of the Account reflecting the Alleged Debt asserted as owed by Plaintiff if she needed to obtain credit in the near future, and that Plaintiff would either be denied credit or pay higher interest rates in the event she could obtain financing.

62.     Overall, Plaintiff suffered damage to her reputation as a result of Defendants' conduct.

63.     Further, as a result of Defendants' actions, Plaintiff suffered emotional distress, anxiety, inconvenience, frustration, annoyance, fear, and confusion, believing that despite Plaintiff's exhaustive efforts to convey to Defendants that she did not

initiate or authorize the opening of the Account, Plaintiff must simply endure Defendants' reporting of the Account.

64.     Additionally, Plaintiff's debt to income ration was affected by the false reporting of this Account, which could potentially affect her ability to obtain further leasing and credit opportunities.

65.     Plaintiff suffered physical injury as a result of Defendants' erroneous credit reporting including but not limited to, headaches, loss of sleep, and nausea.

66.     Plaintiff retained Swift, Isringhaus, Dubbeld & McEleney, PLLC for the purpose of pursuing this matter against Defendants, and Plaintiff is obligated to pay his attorneys a reasonable fee for their services.

67.     The FCRA, Sections 1681n or 1681o, or both, provide for the award of up to $1,000.00 statutory damages, actual damages, punitive damages, as well as an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Defendant.

**COUNT ONE**
**FAIR CREDIT REPORTING ACT –**
**VIOLATION OF 15 UNITED STATES CODE, SECTION 1681e(b)**
**(As to Experian Only)**

Plaintiff re-alleges paragraphs one (1) through sixty-seven (67) as if fully restated herein and further states as follows:

68.     Experian is subject to and violated the provisions of, 15 United States Code, Section 1681e(b), by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit

files published and maintained concerning Plaintiff.

69.     Experian willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports.

70.     More specifically, Experian generated and published credit reports regarding Plaintiff which included erroneous information that does not belong to Plaintiff.

71.     More specifically, Experian reported the Rent Plus Account on Plaintiff's credit file and report.

72.     Such reporting is false and evidences Experian's failure to follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit file.

73.     Overall, Experian willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files.

74.     Experian's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

75.     Experian's violations of 15 United States Code Section 1681e(b), constitute negligent or willful noncompliance-or both-with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n, or 1681o, or

both.

## COUNT TWO:
## FAIR CREDIT REPORTING ACT –
## VIOLATION OF 15 UNITED STATES CODE, SECTION 1681i *et seq.*
## (As to Experian Only)

Plaintiff re-alleges paragraphs one (1) through sixty-seven (67) as if fully restated herein and further states as follows:

76.    Experian is subject to, and violated the provisions of, 15 United States Code, Section: 1681i(a)(1), by failing to conduct reasonable re-investigations of Plaintiff's dispute to determine whether the disputed information was inaccurate and by failing to subsequently update the inaccurate information in Plaintiff's credit reports and credit files; 1681i(a)(4), by failing to review and consider all relevant information received in Plaintiff's dispute, including all relevant attachments; and 1681i(a)(5) by failing to update or delete any information that was the subject of Plaintiff's dispute found to be inaccurate or that could not be verified.

77.    Experian willfully and/or negligently refused to properly re-investigate Plaintiff's consumer reports upon receiving Plaintiff's dispute, as described herein.

78.    Experian's reinvestigations of Plaintiff's disputes were not conducted reasonably.

79.    Experian's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

80.    Experian's actions in violation of 15 United States Code, Section

12

1681i(a)(1), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive, damages, as well as attorneys' fees and costs enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

**COUNT THREE**
**FAIR CREDIT REPORTING ACT –**
**VIOLATION OF 15 UNITED STATES CODE, SECTION 1681c-2**
**(as to Experian only)**

Plaintiff re-alleges paragraphs one (1) through sixty-seven (67) as if fully restated herein and further states as follows:

81.    Experian is subject to, and violated the provisions of, 15 United States Code, Sections 1681c-2 by failing to block information in Plaintiff's credit file that was identified by Plaintiff as information that resulted from an alleged identity theft within four (4) business days after receiving: (i) appropriate proof of Plaintiff's identity; (ii) a copy of an identity theft report; (iii) Plaintiff's identification of the information that resulted from identity theft and fraud; and (iv) a statement by Plaintiff that the disputed information is not information relating to any transaction by Plaintiff.

82.    Experian willfully and/or negligently failed to block or delete information disputed by Plaintiff resulting from identity theft and fraud.

83.    More specifically, through Plaintiff's disputes, including a Federal Trade Commission Identity Theft Affidavit completed promptly by Plaintiff, Plaintiff provided Experian with information sufficient for the credit bureaus to corroborate Plaintiff's identity, such as her name, date of birth, and current address.

13

84. Also, through Plaintiff's disputes, Plaintiff provided Experian with copies of a police report from the Tallahassee Police Department, along with a copy of her Driver's License, and her disputes asserted that Plaintiff was the victim of identity theft and fraud.

85. Further, Plaintiff's repeated written disputes clearly advised Experian that the derogatory information reported by Defendants on the Account purely resulted from identity theft and fraud.

86. Moreover, Plaintiff's repeated written disputes clearly advised Experian that Plaintiff did not authorize the transaction creating the alleged Account balance and did not benefit from the transactions in any manner.

87. Despite Plaintiff *repeatedly* advising Defendants that Plaintiff did not initiate the lease that created the alleged Account balance, did not authorize any other person to initiate the lease in her name or on her behalf, did not receive the benefit of any money, goods, or services obtained as a result of any transactions or charges made with the Account transaction(s)—and therefore, the Alleged Debt was a result of identity theft and fraud—Experian *repeatedly* failed to block the Account information disputed by Plaintiff within four (4) business Experian receiving Plaintiff's disputes.

88. Instead, Experian continued to report the Account in Plaintiff's credit reports and credit files.

89. As a result of Experian's conduct, actions, and inactions, Plaintiff suffered damage to her credit reputation and credit worthiness, was deterred from making credit applications as she believed she would not be able to obtain favorable

credit terms as a result of Defendants' continued reporting of the Account.

90.    Overall, Experian defamed Plaintiff's credit worthiness as well as Plaintiff's personal character, Experian unfairly discriminated against Plaintiff by ignoring—or failing to reasonably review—Plaintiff's documents enclosed with her repeated disputes.

91.    Experian's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

92.    Experian's violations of 15 United States Code Section 1681c-2, constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n, or 1681o, or both.

## COUNT FOUR:
## FAIR CREDIT REPORTING ACT –
## VIOLATION OF 15 UNITED STATES CODE, SECTION 1681s-2(b)
### (As to Rent Plus Only)

Plaintiff re-alleges paragraphs one (1) through sixty-seven (67) as if fully restated herein and further states as follows:

93.    Rent Plus is subject to, and violated the provisions of, 15 United States Code, Section 1681s-2(b), by willfully and/or negligently publishing or furnishing inaccurate trade-line information within Plaintiff's credit reports, failing to fully and properly re-investigate Plaintiff's dispute, failing to review all relevant information

15

regarding the same, and failing to request that Experian delete the Account from Plaintiff's credit report and credit file after re-investigating Plaintiff's dispute.

94.    As described above,  Plaintiff was not and is not personally liable for the Alleged Debt, because: (i) Plaintiff did not personally apply for the Account or open the Account; (ii) Plaintiff did not authorize any person to open the Account in Plaintiff's name or on Plaintiff's behalf; (iii) Plaintiff possessed no knowledge of the Account that were alleged opened until she received an alert on her credit reporting; and (iv) Plaintiff did not receive the benefit of any money, goods, or services from any charges or transactions made using the Account.

95.    Rent Plus's actions in violation of 15 United States Code, Section 1681s-2(b), constitute negligent or willful noncompliance, or both, with the FCRA, and entitles Plaintiff to actual damages, statutory damages, and punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of Defendants' conduct, Plaintiff respectfully requests an entry of:

a.    Judgment against Defendants for maximum statutory damages for violations of the FCRA;

a.    Actual damages in an amount to be determined at trial;

b.    Compensatory damages in an amount to be determined at trial;

c.    Punitive damages in an amount to be determined at trial;

d.      An award of attorney's fees and costs; and

e.      Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendants and demands that Defendants and its affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

Respectfully submitted,

**SWIFT LAW PLLC**

/s/ *Jon P. Dubbeld*

Jon P. Dubbeld, Esq., FBN 105869
Jessica A. Cowan, Esq., FBN 1069016
11300 4th Street N., Suite 260
St. Petersburg, FL 33716
Phone: (727) 300-1929
Fax: (727) 255-5332
jdubbeld@swift-law.com
jcowan@swift-law.com
jmurphy@swift-law.com
*Counsel for Plaintiff*

**FOWKES & HASANBASIC**

/s/ *Ryan C. Hasanbasic*

Paul R. Fowkes (FBN 723886)
paul@fhlawpa.com
Ryan C. Hasanbasic (FBN 44119)
ryan@fhlawpa.com
F&H LAW GROUP, P.A.
1807 Short Branch Drive, Ste. 101
Trinity, Florida 34655
Telephone: (727) 500-1010

17

Facsimile: (727) 943-3203
*Co-Counsel for Plaintiff*